UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CHERRY GARDEN LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-41144-nhl |
| RELMO 14215 HOLDINGS L.P.,<br><br>Plaintiff.<br><br>-against-<br><br>BAO GUI ZHUO, MIN YUNG YANG a/k/a MING YANG, DONG MEI LI AND JOHN AND JANE DOE'S, AS PURPORTED OWNERS/LANDLORDS OF MULTIPLE APARTMENTS, AND ALLEGED TENANTS; JENNY PAOLA RODRIGUEZ ANGARITA, MARTH ELENA CONTRERAS MAGOLLIA, CRISTIAN DAVID SALVADOR CIRCA, NANCY JOHANNA ROMERO REMIREZ, LUIS MIGUEL GOMEZ CELIS, MARY YANG, CINDY XIN ZHAO, HARLEY LOUIS MALDONADO BRAVO, MAJORIE ALEXANDRA CEVALLOS, XING WANG, ELEAZAR JUAREZ DOMINGUEZ, LUIS ERICK JUAREZ, CHUNXIU ZHANG, ROBINSON JAVIER GALEANO GONZALES, JAVIER VICENTE BARACALDO, SHARON NIKOL BARRERA CANO, CHING WAH CHENG, LENA LIN AND JOHN AND JANE DOE'S BEING THE OCCUPANTS OF UNITS 1A, 2B, 3A, 3B, 3D, 4A, 5B,5B, 5C, 5D, 6A, 6B, 6C, 6D, AND COMMERCIAL UNIT 1,<br><br>Defendants | Adv. Pro. No. 25-01088-nhl |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST BAO GUI ZHUO, MIN YUNG YANG A/K/A MING YANG, DONG MEI LI AND ANY JOHN OR JANE DOE DEFENDANTS WHO PURPORTED TO ACT AS <u>OWNER OR LANDLORD OF THE PROPERTY NAMED IN THE COMPLAINT</u>**

The plaintiff herein, RELMO 14215 Holdings L.P. (the "Plaintiff") commenced this adversary proceeding on August 12, 2025, against the above-named defendants (the "Defendants"), seeking, *inter alia*: (i) declaratory judgment that the alleged leases executed by the Fraudulent Owner Defendants[1] with the Occupant Tenants[2] are void, and a determination that the possessory rights of the Defendants are not valid as it relates to the real property commonly known as 142-11 and 142-15 Cherry Avenue, Flushing, New York 11355 (the "Property"); and (ii) a permanent injunction prohibiting the Fraudulent Owner Defendants from taking any further actions to rent any portion of the Property; accepting rental payments from any individual or entity who are in possession of any part or unit in the Property; and interfering, in any way with the Plaintiff's ownership of the Property, under Sections 105 and 541 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 2004, 7001, 7065 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the supplemental summons [Adv. Pro. Dkt. No. 4] and amended complaint [Adv. Pro. Dkt. No. 2] (collectively, the "Complaint") were served on the Defendants on August 21, 2025; and none the Defendant have answered the Complaint or otherwise moved with respect to the Complaint; and the Plaintiff filed and served the instant motion pursuant to Federal Rule of Civil Procedure 55, as incorporated by Federal Rule of Bankruptcy Procedure 7055, seeking entry of a default judgment against the Fraudulent Owner Defendants [Adv. Pro. Dkt. No. 28] (the "Default Motion"); and no opposition to the Default Motion has been filed with the Court; and initial hearing on the Default Motion having been held

[1] Fraudulent Owner Defendants are referred to as Bao Gui Zhuo, Min Yung Yang a/k/a Ming Yang, Dong Mei Li, Wei Li and any John or Jane Doe defendants who purported to act as owner or landlord of the property named in the Complaint.

[2] Occupant Defendants are referred to as Jenny Paola Rodriguez Angarita, Marth Elena Contreras Magollia, Cristian David Salvador Circa, Robinson Javier Galeano Gonzalez, Javier Vicente Barcaldo, Sharon Nikol Barrera Cano, Nancy Johanna Romero Remirez, Luis Miguel Gomez Celis, Mary Yang, Cindy Xin Zhao, Harley Louis Maldonado Bravo, Majorie Alexandra Cevallos, Xing Wang, Eleazar Juarez Dominguez, Luis Erick Juarez, Chunxiu Zhang, Lena Lin and John or Jane Doe defendant that is in possession or occupies any unit, space, or location on or at the Property named in the Complaint.

on December 10, 2025 and the issue was raised that the defendant, Bao Gui Zhuo's, name was inadvertently spelled incorrectly; and the Plaintiff having filed a Limited Brief in support of the Default Motion, which asserted that under Federal Rule of Civil Procedure 60(a), the Court is may correct a mistake arising from an oversight and enter the default judgment; and the Court having held an adjourned hearing on January 8, 2026 and permitted the Plaintiff to file a motion on notice to correct the defendant's name in the record and caption; and the Plaintiff having filed an application pursuant to Federal Rule of Civil Procedure 60(a) and Bankruptcy Rule 9024, to correct a mistake arising from an oversight and substitute "Bao Gui Zhuo" for "Boa Gui Zhuo" in the caption and each judgment and order filed on the record in the adversary proceeding, including the Plaintiff's Default Motion; and none of the Defendants responded to the Plaintiff's Limited Brief or motion under Fed.R.Civ.P. 60(a); and the Court having held a further adjourned hearing on the Default Motion and a hearing on the Plaintiff's Rule 60(a) Motion on February 4, 2026; and the Plaintiff having appeared at each hearing and none of the Fraudulent Owner Defendants having appeared at the hearings; and the Court having granted that relief in the 60(a) motion; and the Court having granted the relief in the Default Motion; and the Court has determined after due deliberation that sufficient cause exists to grant the Default Motion and that the Plaintiff is entitled to the relief sought in the Default Motion, it is hereby

**ORDERED**, that the Default Motion is granted to the extent set forth herein; and it is further

**ORDERED**, that the Leases that were executed by the Fraudulent Owner Defendants were: (i) executed without authority to execute or act on behalf of the Debtor and no Defendant has any lawful property, leasehold or possessory interest in the property; (ii) any claims or rights purportedly granted post-petition are void and without legal effect; (iii) the Fraudulent Owner

Defendants are bound to the judgment of foreclosure and sale; (iv) the Fraudulent Owner Defendants are not in lawful possession of the property; and (v) plaintiff may commence proceedings against the Occupants Defendants in the relevant New York State Court forum to seek its available remedies including eviction or ejectment proceedings.; and it is further

**ORDERED**, that the permanent injunction is granted and the Fraudulent Owner Defendants are prohibited from taking any actions to rent any portion of the Property; accepting rental payments from any individual or entity who are in possession of any part or unit in the Property; and interfering, in any way with the Plaintiff's ownership of the Property; and it is further

**ORDERED**, that the Plaintiff shall serve a copy of this Order on the Fraudulent Owner Defendants at their last known address by regular mail within five (5) business days of the entry of this Order.

Dated: February 23, 2026
Brooklyn, New York

Nancy Hershey Lord

Nancy Hershey Lord
United States Bankruptcy Judge