UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CHERRY GARDEN LLC,<br><br>                       Debtor. | Chapter 7<br><br>Case No. 24-41144-nhl |
| RELMO 14215 HOLDINGS L.P.,<br><br>                       Plaintiff.<br><br>             -against-<br><br>BAO GUI ZHUO, MIN YUNG YANG a/k/a MING YANG, DONG MEI LI AND JOHN AND JANE DOE'S, AS PURPORTED OWNERS/LANDLORDS OF MULTIPLE APARTMENTS, AND ALLEGED TENANTS; JENNY PAOLA RODRIGUEZ ANGARITA, MARTH ELENA CONTRERAS MAGOLLIA, CRISTIAN DAVID SALVADOR CIRCA, NANCY JOHANNA ROMERO REMIREZ, LUIS MIGUEL GOMEZ CELIS, MARY YANG, CINDY XIN ZHAO, HARLEY LOUIS MALDONADO BRAVO, MAJORIE ALEXANDRA CEVALLOS, XING WANG, ELEAZAR JUAREZ DOMINGUEZ, LUIS ERICK JUAREZ, CHUNXIU ZHANG, ROBINSON JAVIER GALEANO GONZALES, JAVIER VICENTE BARACALDO, SHARON NIKOL BARRERA CANO, CHING WAH CHENG, LENA LIN AND JOHN AND JANE DOE'S BEING THE OCCUPANTS OF UNITS 1A, 2B, 3A, 3B, 3D, 4A, 5B,5B, 5C, 5D, 6A, 6B, 6C, 6D, AND COMMERCIAL UNIT 1,<br><br>                   Defendants | Adv. Pro. No. 25-01088-nhl |

## <u>JUDGMENT BY DEFAULT</u>

Default was entered against the defendants, Bao Gui Zhuo, Min Yung Yang a/k/a Ming

Yang and Dong Mei Li and any John or Jane Doe defendants who purported to act as owner or

landlord of the property named in the Complaint (collectively referred to as the "Fraudulent Owner Defendants"), on October 22, 2025. Therefore, on the motion of the plaintiff, RELMO 14215 Holdings L.P. (the "Plaintiff"), judgment is hereby entered against the Fraudulent Owner Defendants in favor of the Plaintiff as follows.

**IT IS ORDERED THAT:**

1.      The Plaintiff has judgment against the Fraudulent Owner Defendants in this Adversary Proceeding pursuant to Rule 57 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") incorporated by Rule 7001(2) of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") finding that the Leases[1] that were executed by the Fraudulent Owner Defendants were: (i) executed without authority to execute or act on behalf of the Debtor and no Defendant has any lawful property, leasehold or possessory interest in the property; (ii) any claims or rights purportedly granted post-petition are void and without legal effect; (iii) the Fraudulent Owner Defendants are bound to the judgment of foreclosure and sale; (iv) the Fraudulent Owner Defendants are not in lawful possession of the property; and (v) plaintiff may commence proceedings against the Occupants Defendants in the relevant New York State Court forum to seek its available remedies including eviction or ejectment proceedings.

2.      The permanent injunction is granted pursuant to Fed. R. Civ. P. 65, incorporated by Fed. R. Bankr. P. 7065, and the Fraudulent Owner Defendants are prohibited from: (i) taking any actions to rent any portion of the Property; (ii) accepting rental payments from any individual or entity who are in possession of any part or unit in the Property; and (iii) interfering, in any way with the Plaintiff's ownership of the Property.

3.      The Plaintiff shall have immediate execution thereon.

---

[1] Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

4.    The Plaintiff shall have all the rights and remedies afforded to a judgment creditor by law.

5.    The Plaintiff may enforce this Judgment against the Defendants as allowed by applicable law.



Dated: February 23, 2026
    Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge